IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ethel Carolyn Hunt,                              )<br>                                                          )<br>                     Plaintiff,                  )<br>                                                          )<br>vs.                                                      )<br>                                                          )<br>Attorney Richard H. Warder,            )<br>Attorney David D. Armstrong,          )<br>                                                          )<br>                     Defendants.              )<br>_____ ) | C/A No. 6:15-2616-BHH-JDA<br><br><br><br>**REPORT AND RECOMMENDATION** |

Ethel Carolyn Hunt ("Plaintiff"), proceeding pro se, brings this civil action against two attorneys. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint[1] is subject to summary dismissal.

## **BACKGROUND**

Plaintiff, a resident of Columbia, South Carolina, alleges the following facts.[2] She brings this lawsuit against Richard H. Warder ("Warder") and David D. Armstrong ("Armstrong"), both alleged to be attorneys with addresses in Greenville, South Carolina. [Doc. 3 at 1–2.] She retained Warder on December 1, 1989, to represent her in a domestic relations matter. [*Id.* at 3.] On her behalf, he filed a summons, complaint, and motion for temporary relief in the Greenville County family court, case number 89-DR-23-4993. [*Id.*] Warder failed to prepare and file the QDRO[3] document on her behalf so that she could obtain a portion of Ted T. Hunt's (her ex-husband) railroad pension benefit plan. [*Id.* at

---

[1]Plaintiff filed a Complaint and, five days later, an Amended Complaint. [Doc. 1, 3.] This Report and Recommendation refers to the Amended Complaint; however, it is also applicable to the Complaint.

[2]She alleges many details that the Court need not recite herein.

[3]The Court presumes Plaintiff refers to a qualified domestic relations order.

3–7.] The statute of limitations expired in case number 89-DR-23-4993, so Warder filed the case again under a new case number, 90-DR-23-1944. [*Id.*]

Armstrong represented Plaintiff's ex-husband in case number 90-DR-23-1944, and, in June of 1990, Armstrong and Warder entered into an agreement to admit a letter into evidence which disclosed the benefits, whether the benefits could be divided, and the laws governing Ted Hunt's railroad pension benefits. [*Id.*] The family court judge presided over a property settlement hearing, and Warder failed to present the QDRO to the court. [*Id.*] Plaintiff was unaware that her attorney should have presented the QDRO on her behalf to protect her legal rights to receive a portion of her ex-husband's railroad pension benefits. [*Id.*]

On December 16, 1992, Armstrong filed a divorce action on behalf of Ted Hunt, and he was granted a final divorce on March 20, 1992. [*Id.*] Armstrong failed to prepare and file the QDRO with the other papers he submitted to the family court. [*Id.*] Plaintiff was not present at the final hearing, and she did not know it was taking place that day. [*Id.*] Warder gave Armstrong "a note" to present to the court concerning Plaintiff, and this was a conflict of interest. [*Id.*]  At some time, Plaintiff suffered a mental break down, and she did not agree to waive her rights to the railroad pension benefits; also, Ted Hunt was not Plaintiff's agent. [*Id.*]

Based on these facts, Plaintiff contends that Defendants' misconduct caused her to lose her rights to, and money from, Ted Hunt's benefit plan. [*Id.* at 7.]  She alleges Defendants acted negligently and intentionally, and she seeks $2.5 million. [*Id.* at 7–8.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

In the instant case, it appears Plaintiff's Complaint asserts state law claims possibly for attorney malpractice based on negligence and fraud based on intentional misconduct. A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, it appears that all parties are domiciled in South Carolina. Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action.

Of course, if a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Giving liberal construction to the Complaint, Plaintiff does not plausibly allege a violation of the United States Constitution or any federal law.[4] *See*

---

[4]If Plaintiff's allegations could be construed to allege a due process violation pursuant to 42 U.S.C. § 1983, she still fails to state a claim on which relief may be granted. Both Defendants are alleged to be attorneys, and an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Therefore, this Court does not have federal question jurisdiction over this action.

Additionally, this action should be dismissed because it is frivolous. Plaintiff has filed two previous actions in this Court naming Warder and Armstrong as defendants[5] and raising similar claims against them based on the similar facts. *See* Report and Recommendation, *Hunt v. Warder*, C/A No. 6:10-2683-HFF-BHH (D.S.C. Nov. 15, 2010), ECF No. 12 (dismissing action for failure to state a claim on which relief may be granted), *adopted by*, ECF No. 14; *see also* Order, *Hunt v. Warder*, C/A No. 6:05-1613-HFF-BHH (D.S.C. July 12, 2005), ECF No. 10 (dismissing action for lack of subject matter jurisdiction). This Court summarily dismissed both of those actions and explained its reasons. Therefore, because Plaintiff has been advised in prior lawsuits in this Court that her similar claims had no arguable basis in law, this action should also be dismissed on the ground of frivolousness. *See Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact); *Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'").

---

F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

[5]She also named a family court judge in those previous actions.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

August 3, 2015                              s/Jacquelyn D. Austin
Greenville, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).