IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ethel Carolyn Hunt, | Civil Action No.: 6:15-2616-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Attorney Richard H. Warder, Attorney David D. Armstrong, | |
| Defendants. | |

Plaintiff Ethel Carolyn Huny ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on July 1, 2015. This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On August 3, 2015, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without service of process, finding that the court lacks subject matter jurisdiction and that the action is frivolous. (ECF No. 13 at 5–7.) Plaintiff filed a timely objection to the Report. (ECF No. 16.) Plaintiff's objection fails to point to any specific error in the Magistrate Judge's Report. Rather, she merely restates the allegations made in her Complaint and Amended Complaint.

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). As previously stated, Plaintiff's timely objection fails to allege specific errors in the Magistrate Judge's analysis; thus, the Court has reviewed the Magistrate Judge's conclusions only for clear error.

Having reviewed the pleadings, the Report, and Plaintiff's objection for clear error, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants are subject to summary dismissal. As correctly stated by the Magistrate Judge, this Court has no diversity jurisdiction over this action because the parties lack complete diversity. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). Further, Plaintiff does not plausibly allege a violation of the United States Constitution or any federal law. This Court therefore does not have federal question jurisdiction over this action. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) (A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." (citing 28 U.S.C. § 1331)). Finally, under even the most generous construal, Plaintiff has not plead sufficient facts to set forth any cognizable claims.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007))). Accordingly, the Court accepts the Magistrate Judge's recommendation and this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

April 15, 2016
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As noted by the Magistrate Judge, Plaintiff has filed two previous actions in this Court raising similar claims against Defendants based on similar facts. *See* Complaint, *Hunt v. Warder*, C/A No. 6:10-2683-HFF-BHH (Oct. 18, 2010), ECF No. 1; *see also* Complaint, *Hunt v. Warder*, C/A No. 6:05-1613-HFF-BHH (June 7, 2005), ECF No. 1. The Court's Orders in those actions address the deficiency of Plaintiff's claims in detail.